SELECTMEN OF HADLEY, petitioners. ·

Hampshire.    March 5, 1901. — March 11, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

The decision of commissioners, appointed under St. 1890, c. 428, to prescribe the alterations and apportion the work upon the abolition of a grade crossing, is final as to matters of fact, and a judge of the Superior Court has no power to order a review of a former decree of that court confirming a decision of such commissioners, on the ground that a widening of the space between the abutments on the two sides of the road under the railroad bridge would add to the public safety and convenience to an extent sufficient to justify the additional expense.

PETITION of the selectmen of Hadley to the Superior Court for the county of Hampshire for leave to file a bill of review for the purpose of obtaining a review and reversal of a decree of that court of June 25, 1900, confirming a decision of commissioners appointed under St. 1890, c. 428, prescribing the alterations for the abolition of a grade crossing of the Massachusetts Central Railroad and Amherst Road in Hadley, known as Flaherty's Crossing, filed August 28, 1900.

The Central Massachusetts Railroad Company and the Boston and Maine Railroad, respondents, demurred to the petition.

The case was heard in the Superior Court, by *Aiken,* J., who ordered that the former decree of that court be reversed and the matter recommitted to the same commissioners, and reported the case for the consideration of this court. If the demurrer should have been sustained, or if the order and decree were not justified, then the decree of the Superior Court theretofore made was to remain in force and effect.

The report concluded as follows, the last paragraph (which is printed on the following page) giving the reasons for the decree :

" I find that at the hearing before the commissioners appointed by the Superior Court, one or more of the selectmen of Hadley, who were present, understood from statements made at the hearing, that the State highway commission did not object to the plan then presented and subsequently adopted ; but I find that, while such statements were not true and the selectmen were mistaken in their understanding, they were not

induced thereby to assent to the report of the commission or to the decree subsequently made; and I find they would have continued to acquiesce in said decree, and would not have instituted the present proceedings but for the letter of Mr. McClintock [chairman of the State highway commission].

" I find there was no fraudulent intent in the making of said statements, and the statements either as alleged or proved are not sufficient to justify the reopening of proceedings, or a revision of the decree.

" Considerations of public convenience and safety, however, determine my conclusions in this matter. The evidence relating to such considerations was admitted subject to the exceptions of the respondents. I find that by reason of the continuous proximity of the highway and railroad as they approach the crossing; and by reason of sharp curves in the location of the proposed highway as it passes under the bridge provided for the railroad; and by reason of the space between the abutments of said bridge being insufficient for the usual and prospective travel of the public by street railway and otherwise; and by reason that the abutments are so located that the traveller on the highway has a very limited view of the road ahead of him, where a view is essential by reason of the various forms of public travel liable to be concurrent at the place in question; and because in my judgment a widening of the space between the abutments will add to the public safety and convenience to an extent to justify the additional expense, (which is from $2,500 to $5,500 according to the plan adopted,) that the decree before made should be reversed, and the matter recommitted to the same commissioners and I so ordered and decreed."

*J. C. Hammond*, for the petitioners.

*R. W. Irwin*, for the Boston and Maine Railroad and the Central Massachusetts Railroad Company.

HOLMES, C. J. The original proceeding in this case was under St. 1890, c. 428, for the abolition of a grade crossing. On June 25, 1900, a decree was made confirming the decision of the commissioners, and the parties were ordered to proceed to carry out the work of abolishing the grade crossing as provided in the commissioners' report. The attorneys of the town of Hadley had indorsed their agreement that the decree might be

entered, and the Commonwealth had waived hearing upon it. Thereupon the work was begun, and a considerable sum has been expended by the Boston and Maine Railroad. The selectmen of Hadley now have petitioned for leave to file a bill of review, seemingly being induced to do so by the fact that the Massachusetts Highway Commission is not satisfied with the report and may decline to build a State highway at the point in question unless a change is made in the plan. The petition was heard by a judge of the Superior Court, and he found that a widening of the space between the abutments on the two sides of the road under the railroad bridge would add to the public safety and convenience to an extent sufficient to justify the additional expense, and on that ground granted leave to file the bill, and, it being understood that the whole case should be gone into at once, reversed the decree and recommitted the matter to the commissioners subject to a report by him to this court. The judge distinctly rejected other grounds for review, and, as he reports, puts his decree on the single ground just stated.

We assume without deciding that the former decree was a final decree and that the statutes leave it open to revision by a bill of review in a proper case. But we think it so plain that this is not a proper case for such revision that we shall not argue the matter at length, especially as the case ought to be decided at once. This decree was made with the petitioners' consent, *Evans* v. *Hamlin*, 164 Mass. 239, 240, and the ground on which it now is reversed is that the judge takes a different view of the facts from that which was taken by the commissioners. The reversal is not put on the ground that the commissioners were deceived or misled in any way, or that new evidence has been discovered other than cumulative evidence on issues understood and considered by the commissioners. We do not see that it is necessary to say more. The relation of the commissioners to the court is well set forth in *Old Colony Railroad, petitioner*, 163 Mass. 356, 359. We quote·the restrictive words which are applicable to this case: They " constitute a tribunal which is finally to decide the matters of fact. . . . The court has no power to revise their report and order a change to be made otherwise than as they finally recommend." Without more than appears in this report the judge could not properly

have refused to confirm the commissioners' decision in the first instance; and even if he, instead of the commissioners, had been the proper tribunal to try the facts, we see no ground, according to the ordinary principles on which bills of review are allowed to be filed, on which he now could reopen his decree. Another remedy is given by statute in case an alteration shall be deemed necessary hereafter. Pub. Sts. c. 112, § 129. *Northampton* v. *New Haven & Northampton Co.* 175 Mass. 430.

*Decree of June 25, 1900, to stand.*