### BAR ASSOCIATION OF THE CITY OF BOSTON *vs.* PETER J. CASEY.

Suffolk.    December 7, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Attorney at Law*, Disbarment. *Practice, Civil*, Judgment in disbarment proceedings, Appeal, Exceptions. *Judgment. Supreme Judicial Court. Words*, "Judgment."

After hearing a petition for the disbarment of an attorney at law, a judge of the Superior Court on March 10 of a certain year filed an extended memorandum of findings of fact which ended with the words, " It is ordered that the respondent be disbarred," and on April 9 a formal " Order of Disbarment " was entered in the following language : " This cause came on to be heard and was argued by counsel, and thereupon and upon consideration thereof, it is ordered, adjudged and decreed that the respondent be and he hereby is removed from the office of attorney at law in the courts of this Commonwealth." Thereafter at the request of the respondent the trial judge reported the case to this court which after consideration sent a rescript directing the entry, " Order of disbarment affirmed," whereupon the respondent made in the Superior Court motions to vacate and in arrest of judgment, for a new trial, and for amendments to the record, all of which after a hearing the trial judge denied. The respondent appealed. *Held*, that the formal order of disbarment of April 9, while it was a judgment within the meaning of R. L. c. 173, § 96, which gives a right of appeal to the Supreme Judicial Court, was not a judgment made under R. L. c. 177, § 1, which would be the final entry of record and would end the jurisdiction of the court and which

might by proper proceedings be vacated or arrested, but was merely an order of judgment.

No appeal lies from the order of a judge of the Superior Court "disallowing as contrary to the truth" a bill of exceptions of the respondent in a petition for disbarment. The respondent's remedy, if any, is by a petition to prove exceptions under R. L. c. 173, § 110.

A motion to amend a record containing the report of a case to this court by a judge of the Superior Court under R. L. c. 173, § 105, should be made before the record is transmitted to this court. Such a motion, made not only after the record was so transmitted but also after the case was fully argued and determined by this court and a rescript was sent, properly was denied.

It is not the practice of this court to grant a rehearing to parties upon questions which once have been argued and decided, or to hear them upon questions of law which have been waived or abandoned at a former hearing; but in their discretion they may do so.

PETITION for disbarment filed in the Superior Court on May 18, 1905.

As stated in the opinion, the case previously has been before this court and was reported in 196 Mass. 100. The way in which it came before the court on this occasion is stated in the opinion.

The formal order of disbarment, which is stated in the opinion to have been made on April 9, 1906, was entitled "Order of Disbarment," and was in the following language:

"This cause came on to be heard and was argued by counsel, and thereupon and upon consideration thereof, it is ordered, adjudged and decreed that the respondent be and he hereby is removed from the office of attorney at law in the courts of this Commonwealth."

As to the motions to vacate and arrest judgment, to amend the record, for a new trial and for extension of time for filing a motion for a new trial, *Fox*, J., by whom the case and the motions were heard, filed the following memorandum:

"Memorandum on Motion of the Respondent to vacate and arrest Judgment, Motion to amend Record, Motion for New Trial and Motion to extend the Time for filing a Motion for New Trial.

"The respondent was given the fullest opportunity to be heard, and was heard by counsel both upon the question what findings were warranted by the evidence, and what judgment should be entered upon the facts found, before the formal order for disbarment was entered. From that order he duly appealed.

" A commissioner had been appointed to take the testimony, but upon the representation of the respondent's counsel that he was without means to take the case to the Supreme Judicial Court I ordered the case to be reported at the expense of the county of Suffolk. The report was agreed upon by counsel, and respondent had the opportunity of taking to the Supreme Judicial Court every question of fact and every question of law which he cared to argue.

" The motion for a new trial upon the ground of newly discovered evidence I deny, partly upon the ground that the conclusion to which I came as to the facts was based largely upon the testimony of the respondent himself. All the motions are denied."

The motion to dismiss referred to in the opinion was a motion to dismiss the respondent's appeals for want of prosecution, as to which the judge ordered that the appeals should be entered in this court by a certain day. The respondent complied with the order. Other facts are stated in the opinion.

*J. S. Richardson*, for the respondent.

*F. J. Sulloway*, for the petitioner.

KNOWLTON, C. J. This case first came before us upon a report of a judge of the Superior Court, made at the request of the respondent, presenting all questions of law that entered into an order of disbarment of the respondent, and it was reported in 196 Mass. 100. After argument and due consideration, a rescript was sent to the Superior Court, directing the entry: " Order of disbarment affirmed." Thereupon the respondent filed in the Superior Court a motion to vacate the order, and in arrest of judgment, and afterwards a motion for a new trial, and from time to time several other motions, which were heard and passed upon in the Superior Court. The case now comes before us upon appeals, which, according to the respondent's brief, confirmed by the record, are seven in number, as follows: From the denial of motion in arrest of judgment, from the denial of motion for a new trial, from the denial of motion to amend the record, from the denial of the second motion to amend the record and the denial of the third motion to amend the record, from the disallowance of a bill of exceptions, and from the allowance of a motion to dismiss.

In reference to the first motion,* let us look at the state of the record.   On March 10, 1906, the judge filed a finding of facts, which ended in these words : " It is ordered that the respondent, Peter J. Casey, be disbarred."   In accordance with this order, a formal order of disbarment was made on April 9, 1906.   On the same day the respondent appealed.   The judge in his report says he appealed from this order; but in a motion filed on August 7, 1906, the appeal is treated by the petitioner's counsel as having been taken from the order of March 10, 1906, contained in the memorandum of findings.   This is not very material, as the order of each date was the same in substance.   But we think

---

* The grounds upon which the motion " to vacate and arrest judgment " was based were as follows: " (1) Because the entry of said judgment was premature and without authority in law in that said entry was made within thirty days of the date of the findings of fact made by the court in said case which findings were made March 10, 1906, when the action was not ripe for judgment; (2) because the order of judgment of disbarment was premature, for the reason that after the findings of fact made by the court March 10, 1906, there was no hearing upon the question of sentence or judgment before the same was made and ordered; (3) because there is a material variance in matter or substance between the allegations in the petition and the findings of the court against the respondent affecting the jurisdiction and authority of the court to make the findings made against the respondent without amendment to the petition ; (4) because the preliminary findings of fact and the general finding of fact adverse to the respondent cannot be identified with any one or all of the allegations in the petition; (5) because the respondent is entitled to, as a matter of right, a separate and formal hearing on the question of the final judgment or sentence of the Court, which has not been given him; (6) because the alleged petitioner is not entitled as a matter of law as a remedy by prayer that the respondent be disbarred, or for any judgment of the Court in the premises; (7) because there is no allegation of the character, capacity, existence, competency, or interest of the ' Bar Association of the City of Boston ' which would or could make it an available party in interest to the proceedings herein, or entitled to any relief or remedy, general or special; (8) because there are no findings of facts by the court upon the distinct respective charges ' that the respondent has not continued to be and is not of good moral character '; that he obtained the alleged order for money and assignment from Bruce by false representations; that he discharged Richard J. Lane, Esq. from the case; (9) because it appears of record in the memorandum of findings stated as a ground for finding that the respondent intended to appropriate the money in question ' but the respondent in his interview with the sheriff and by his conduct since that time has indicated sufficiently his intention to appropriate the money to his own use.' "

we should treat the report of the judge as controlling in this particular. Certainly the order to which the report and our decision related was the order of the later date. After this appeal, upon the request of the respondent, the judge reported the case to this court.

This order was not treated as the final entry of record, made under the R. L. c. 177, § 1, which ends the jurisdiction of the court, so that an execution may be issued in ordinary cases, and leaves the court with no further jurisdiction except upon a petition to vacate the judgment, or upon a writ of review, unless the case is opened for further proceedings by action of this court on an appeal. It was an order of judgment, although it was also a judgment within the meaning of the R. L. c. 173, § 96, which gives a right of appeal to the Supreme Judicial Court. Accordingly the judge rightly treated the case as still pending before him, and made a report of it to this court. In like manner, after a rescript had been received affirming the order, he treated the case as still pending in the Superior Court, by entertaining different motions from time to time and hearing and deciding them. The final entry of record, contemplated by the R. L. c. 177, § 1, in proceedings which are ripe for judgment, seems never to have been made, and the case still awaits this entry, upon the disposition of the appeals now before us.

All the matters referred to in the motion in arrest of judgment are concluded by our former decision. The decision covered all questions of law that entered into the order and affected its validity, as well those relating to the so called sentence, and the opportunities for hearing upon it, and the time when the order was made, as any others.

The same is true as to that part of the motion for a new trial which refers to the alleged mistake of law made by the trial judge in the decision of the case. The other grounds on which the motion was put were all matters in the discretion of the court, and were dealt with as such. No error appears in denying this motion.

The bill of exceptions was "disallowed as contrary to the truth." No appeal lies from such an order. The respondent's remedy, if he had any, was by a petition to prove exceptions. R. L. c. 173, § 110.

The first and third motions to amend the record had reference to amendments which were immaterial. They related to facts which existed before the report of the judge to this court, made at the respondent's request, which report, and our decision upon it, determined the legal validity of the order of disbarment. If any material question could have been raised upon any of these matters, which we do not intimate, it should have been raised before the report was made to this court. The second motion to amend the record relates to proceedings upon the motions filed since the rescript was sent, and the matters referred to in it are wholly immaterial. The same is true of the appeal from the order of the court upon the petitioner's motion to dismiss. The respondent complied with the order, and all matters upon which he wished to be heard are before the court.

Most of the questions raised by these appeals are of a kind upon which the Superior Court was concluded by the former decision, and which could not properly be brought a second time to this court. "It is not the practice of the full court to rehear parties upon questions which have been once argued and decided, or to hear them upon questions of law which have been waived or abandoned at a former hearing, but it in its discretion may do so." *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 164. *Evans* v. *Hamlin*, 164 Mass. 239. *Pingree* v. *Coffin*, 12 Gray, 288, 324. *Winchester* v. *Winchester*, 121 Mass. 127, 130. *Kingsbury* v. *Buckner*, 134 U. S. 650.

The orders appealed from are all affirmed, and judgment is to be entered in accordance with the order of April 9, 1906.

*So ordered.*