COMMONWEALTH *vs.* SILAS N. PHELPS.

Franklin.   December 14, 1911. — December 15, 1911.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Criminal,* Appeal.

Under R. L. c. 219, § 32, an appeal by the defendant in a criminal case from an order of the Superior Court imposing a sentence raises only the question whether any error of law is apparent upon the record.

INDICTMENT FOR MURDER, found and returned on July 12, 1910.   The defendant was convicted of murder in the first degree, and a decision. of this court overruling his exceptions is reported in 209 Mass. 396.   After the filing of the rescript, the defendant filed a motion in arrest of judgment, which was denied.   On appeal to this court, the order denying the motion in arrest of judgment was affirmed in a decision reported *ante,* 78.

In the Superior Court on October 25, 1911, *Fessenden,* J., made an order imposing upon the defendant the sentence of death by means of a current of electricity, to be executed during · the week beginning December 31, 1911.

From this order the defendant appealed.

R. L. c. 219, § 32, is as follows: "A defendant who is aggrieved by a judgment of the Superior Court which is founded upon matter of law apparent upon the record in any criminal proceeding, except a judgment upon a plea in abatement, may appeal therefrom to the Supreme Judicial Court."

No counsel appeared for the defendant and no brief was filed for him.

*J. M. Swift,* Attorney General, for the Commonwealth.

On December 15, 1911, the following rescript was issued by order of this court:

Appeal in criminal cases from the Superior Court to this court · lies only for error of law apparent on the record.   Plainly no error of law is apparent on this record.   It follows that the sentence stands and is to be executed as if no appeal had been taken.

*Judgment affirmed ; sentence to stand.*