CITY OF BOSTON, petitioner.

Suffolk.    December 1, 1915. — February 14, 1916.

Present: RUGG, C. J., LORING, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice*, Appeal. *Practice, Civil*, Appeal. *Supreme Judicial Court.*

While there can be no appeal from a final decree or judgment entered substantially in accordance with a rescript of the full court of the Supreme Judicial Court and such an attempted appeal will be dismissed and the final decree or judgment will stand as if no appeal had been taken, if the form of the final decree or judgment ordered by the rescript is not embodied therein, examination of the subsequent record on appeal will be made in appropriate cases to ascertain whether it is in accordance with the rescript.

A decree, entered after the rescript stating the decision reported in *Boston, petitioner*, 221 Mass. 468, and which among other things apportioned to the cities of Chelsea and Revere a certain proportion of the cost of maintenance of Chelsea Bridge, as a whole, was correct, it not being intended by the rescript that the apportionment should be only of the north draw of the bridge.

Such decree also was correct in apportioning the cost of maintenance of the whole of the Meridian Street Bridge instead of limiting the apportionment to the draw only of that bridge.

The decision in *Boston, petitioner*, 221 Mass. 468, that St. 1911, c. 581, as amended by St. 1913, c. 341, is constitutional, was affirmed.

The rescript which stated the decision reported in *Boston, petitioner*, 221 Mass. 468, accurately expressed the judgment of the court.

RUGG, C. J.    This case was considered at large in 221 Mass. 468, and it was ordered that a final decree be entered apportioning the costs of the construction, repairs and maintenance of Chelsea Bridge and of Meridian Street Bridge between the cities of Boston, Chelsea and Revere in certain percentage in accordance with the report of a commission.    Thereafter, a final decree was entered, from which appeals were claimed by the city of Chelsea and by the city of Revere.

There can be no appeal from a final decree or judgment entered substantially in accordance with a mandate or rescript of an appellate court.    *Lincoln* v. *Eaton*, 132 Mass. 63, 69.    *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 162. *Day* v. *Mills*, 213 Mass. 585, 587.    *Commonwealth* v. *Phelps*, 210 Mass. 360.    *Illinois* v. *Illinois Central Railroad*, 184 U. S. 77 and

cases cited at page 92, note. *United States* v. *Camou*, 184 U. S. 572. *United States* v. *New York Indians*, 173 U. S. 464. See *Williams* v. *Clarke*, 182 Mass. 316. Where the form of the final decree or judgment is not embodied in the rescript or mandate, in appropriate cases examination will be made on appeal of the subsequent record, in order to ascertain whether it is in accordance with the mandate or rescript. If the decree or judgment is in accordance with the rescript or mandate, ordinarily the appeal will be dismissed and the final decree or judgment will stand as if there had been no appeal.

In the case at bar, the form of the decree was not set out in the opinion or rescript. The substance of the rescript was in these words: "The report of the commissioners is confirmed except as to the cost of repairs and of maintenance of Chelsea Bridge: as to such repairs and such maintenance, the alternative finding whereby percentages are apportioned to the city of Chelsea and to the town of Revere is to be substituted and as thus modified the report is affirmed."

Necessarily the final decree is somewhat complicated. It is assailed in these particulars:

1. It is urged that the assessment to the cities of Chelsea and Revere should be confined to "the cost of maintenance of the north draw in Chelsea Bridge" and should not extend to "the cost of maintenance of the whole of Chelsea Bridge." The alternative award of the commissioners upon this point, which was affirmed by this court when the case was here before, is that "with respect to the cost of maintenance of said Chelsea Bridge we also think it just and equitable and apportion upon said city of Boston                                                          60%
and we decide that the Town of Revere shall contribute        5%
and that the City of Chelsea shall contribute               35%
                                                            ———
of the cost of maintenance of said bridge."                 100%
These words express plainly an unmistakable purpose to apportion the maintenance of the bridge as a whole (with the exception of the south draw, elsewhere dealt with in the report), and not to restrict the apportionment to the maintenance of the north draw. Other parts of the report of the commissioners show that when the north draw was intended it was described in apt phrase.

In this respect the decree conforms to the rescript and to the terms of the award.

2. It is agreed by all parties that in paragraph 5 of the final decree the word "operation" shall be stricken out and the word "maintenance" inserted in its place. This apparently conforms to the report. By reason of the agreement, this substitution may be made.

3. The further contention that paragraph 7 of the decree should relate only to the draw in the Meridian Street Bridge and should not include the cost of maintenance of the entire bridge, finds no support in the record. The report of the commissioners apportions the "cost of maintenance of said bridge" as a whole, and contains nothing to indicate a purpose to limit the apportionment to the "draw."

4. The whole decree is assailed on the ground that it operates to deprive the cities of Chelsea and Revere of their property without due process of law, and denies them the equal protection of the laws. There is nothing in this point. *Stewart* v. *Kansas City,* 239 U. S. 14, 16. It was considered fully and decided adversely to the contentions of Chelsea and Revere in the earlier decision, and cannot be raised again at this stage.

5. A motion has been made to amend the rescript. It is based on the idea that the rescript does not express the judgment of the court as manifested by the opinion. This proposition is without foundation. The earlier opinion on this branch of the case simply decided which of two alternative findings of the commissioners was sound in law. It made no determination to the effect that the maintenance charges should be apportioned differently in any respect from that pointed out by the alternative finding of the commission which was held to be correct.

Let the order be *Motion to amend rescript denied.*

*Paragraph 5 of decree amended by striking out from the last clause the word "operation" and by inserting in place thereof the word "maintenance," and as thus amended, the decree is affirmed.*

*J. P. Lyons,* for the city of Boston.

*L. R. Kiernan,* (*A. A. Casassa* with him,) for the cities of Chelsea and Revere.