AL. A. ROSENBUSH *vs.* WESTCHESTER FIRE INSURANCE COMPANY.

Suffolk.    March 7, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Appeal, Notice of order.  *Interpleader.  Clerks of Courts.*

In an action on a policy of fire insurance, the defendant filed an interpleader under R. L. c. 173, § 37, admitting its liability and stating the amount thereof, which was not disputed, alleging that it had no interest in the subject matter and praying that a certain claimant be made a party.  Such claimant was made a party and a trial was had, upon the issues raised by him, wherein a verdict was returned for the plaintiff against the claimant.  Thereupon the defendant filed a motion, stating that it had paid into court the amount sought to be recovered with interest to date and praying that the action be discontinued as to it and for its costs.  A judge of the Superior Court made an order that the action "be discontinued as to the defendant."  More than three months later the plaintiff and the claimant each undertook to appeal from this order.  *Held,* that the attempted appeals must be dismissed; that, if the order was a final judgment so far as the defendant was concerned, as there was ground for contending that it was, an appeal must have been claimed within thirty days; and that, if it was an "order or ruling" within the meaning of those words in Rule 44 of the Superior Court of 1906, then in force, an appeal must have been taken within twenty days, so that on any theory no appeal had been taken.

In the case described above it was *pointed out* that, if the order sought to be appealed from should be treated as a simple ruling of law reviewable only by exceptions, it was plain that no exception had been taken and that, whatever was the true nature of the order, the time had gone by for the presentation to this court of the questions sought to be reviewed. ·

It was contended by the plaintiff that his appeal lay because no notice was sent to him by the clerk of court of the entry of the order, but it was *held* there was nothing in this contention, it being the duty of parties, where there is no express provision to the contrary, to look after their cases and to ascertain what steps have been taken in disposing of them.

CONTRACT on a policy of fire insurance.  Writ dated August 25, 1914.

The proceedings in the Superior Court are described in the opinion.  The "Memorandum and Order" there described discontinuing the action as to the defendant and awarding costs to the defendant was made by *Hitchcock,* J.

*Lee M. Friedman,* for the plaintiff.

*W. L. Came,* for the defendant.

Rugg, C. J.   This is an action at law upon a policy of fire insurance, the plaintiff claiming, by an assignment from the insured, the amount due on the policy by reason of a loss by fire. The defendant appeared seasonably.   But it never filed an answer. Its claim for a trial by jury was not a joinder of any issue.   That could be done only by answer or other appropriate pleading.   The defendant thereafter filed an "Interpleader," under R. L. c. 173, § 37, the substance of which was that it had issued the policy and a loss had occurred as alleged in the declaration, and that the amount of loss due on the policy had been determined by appraisal as provided in the policy; that proof of loss had been made in compliance with the policy, and that claim had been made upon the defendant by one Plowman, the trustee in bankruptcy of the insured, for the amount due on the policy on the ground that the assignment to the plaintiff was void; that the defendant had no interest in the subject matter of the controversy; that there was no dispute as to the amount due from the defendant; and praying that Plowman be summoned and made a party defendant and his rights determined; that the defendant hold the money to await final judgment, and that it be discharged, and for its costs.

Plowman thereupon came into court and filed appropriate pleadings as claimant to the funds, trial was had upon issues raised by him, and a verdict was rendered in favor of the plaintiff. Exceptions by the claimant were saved and the time for filing them extended from time to time until October 7, 1916.   It does not appear that the plaintiff disputed any issue raised by the defendant by its interpleader, or that anything went to the jury upon that matter.   Indeed, the contrary is to be inferred from the recitals in the "Memorandum and Order" filed by the judge. The defendant after verdict filed a motion stating that it had paid into court "the amount which the plaintiff and the claimant respectively seek to recover, together with interest thereon at six per cent, computed from April 19, 1914, the date agreed upon, to date," and praying that the action be discontinued as to it and for its costs.   On July 12, 1916, there was entered that which was entitled "Memorandum and Order."   This recited that it appeared that the defendant had paid into court the amount held by it subject to the determination of the court as to the party entitled

to it, and "ordered" that the action "be discontinued as to the defendant," with further orders as to costs. On October 14, 1916, the plaintiff undertook to appeal from this order, which had been entered on the previous July 12. On October 30 the claimant attempted to take a similar appeal.

There is ground for the contention that the order of July 12, 1916, was a judgment within the meaning of R. L. c. 173, § 96, as amended by St. 1906, c. 342, and St. 1910, c. 555, § 4, *Boston Bar Association* v. *Casey*, 204 Mass. 331, 335, (see *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123) and that it was a judgment final in its nature so far as concerned the defendant, for it thereby was dismissed from the case and relieved from all further connection with it. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253. *Hutchins* v. *Nickerson*, 212 Mass. 118. See *Weil* v. *Boston Elevated Railway*, 216 Mass. 545.

But that question need not be determined. If it was such a judgment, then an appeal must have been claimed within thirty days after its entry under the statutes above cited. If it was not such a final judgment, and is to be treated as an "order or ruling" within the meaning of those words in Rule 44 of the Superior Court of 1906, which was in effect at the time of these events, then the appeal must have been taken within twenty days after July 12, 1916.

If it is to be treated as a simple ruling of law, reviewable only by exceptions, then exception must have been taken at the time the ruling was made, or, if made in the absence of counsel as to a matter pending before the judge without a jury, then exception must have been saved within a reasonable time after the ruling was made. *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192. *Simmons* v. *Poole*, *ante*, 29. See now Superior Court Common Law Rule 46 (1915). It does not appear that any exception ever was saved nor any bill of exceptions filed. The plaintiff states in his brief that the time for exceptions has expired. Whatever may be the true nature of the "Memorandum and Order," it is plain that the time has gone by for the presentation to this court of the questions sought to be reviewed.

The plaintiff urges that his appeal lies because no notice was sent him by the clerk of court of the entry of the order of July 12, 1916. There is nothing to this contention. It is the duty of parties,

where there is no express provision to the contrary, to look after their cases and to ascertain what steps are taken in their disposition. The case is not rightly here and cannot be considered on its merits.

*Plaintiff's appeal dismissed.*
*Claimant's appeal dismissed.*