BAR ASSOCIATION OF THE CITY OF BOSTON *vs.* PETER J. CASEY.

Suffolk.    March 12, 1917. — May 24, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Arrest of judgment, Exceptions, Appeal. *Disbarment Proceedings. Rules of Court.*

A motion in arrest of judgment is to be resorted to only in cases to which it fairly is applicable and at the conclusion of all other methods for ascertaining and settling the rights of the parties.

It is the settled rule that a motion in arrest of judgment can be sustained only for errors apparent on the record.

In a proceeding at law there can be only one motion in arrest of judgment as of right, unless possibly in a case where a motion in arrest of judgment has been sustained and thereafter there have been further proceedings on the merits. A court has discretionary power to entertain a second motion in arrest of judgment, but is under no obligation to do so, and the second motion at most can bring up for correction only matters which could not have been called to the attention of the court upon the first motion.

Disbarment proceedings are on the law side of the court and are governed by the rules of practice at common law so far as applicable.

In the present case of proceedings for disbarment this court in the exercise of its discretionary power considered a second motion in arrest of judgment merely

for the purpose of determining whether the previous decisions of this court in the same proceedings had been complied with, and, upon such consideration, it was *held* that every question of law, even remotely connected with the rights of the respondent, which was raised seasonably or fairly was open to him had been considered fully and had been decided adversely to the respondent.

Where, in proceedings for disbarment, a final judgment of disbarment took effect automatically under R. L. c. 177, § 1, as amended by St. 1912, c. 190, and Rule 23 of the Superior Court (1906), and thereafter the respondent filed a motion in arrest of judgment, which the Superior Court had no jurisdiction to entertain, and thereupon a judge of that court, instead of refusing to entertain the motion, made an order denying it, from which the respondent appealed, and the judge also signed an allowance of a bill of exceptions alleged by the respondent, it was *held* that the allowance of the bill of exceptions and the appeal were nullities, because the motion was not, and in the nature of things could not be, before the court.

PETITION for disbarment filed in the Superior Court on May 18, 1905.

The previous stages of the case and the reported decisions of this court thereon are referred to and cited in the opinion, where also the attempt to bring the case before this court for a fifth time is described.

*P. J. Casey, pro se.*

*A. D. Hill,* for the petitioner.

RUGG, C. J. This case has been before the court on four different occasions, as reported in 196 Mass. 100, 204 Mass. 331, 211 Mass. 187, and 213 Mass. 549. Its history was narrated fully in the last decision and need not be repeated here. In the second decision, among other matters, the merits of a motion "to vacate and arrest judgment" were decided, in which nine different causes were set forth. In the last decision there were considered two separate motions in arrest of judgment, each setting forth several grounds, and a motion to set aside findings. All these matters were examined in detail. The last ground alleged in one of these last two motions in arrest of judgment was, "And for every other ground, reason or cause at law for which said judgment may be arrested." The effort now is to bring the case here for a fifth time by exceptions to and an appeal from the denial of the requests contained in another paper entitled, "Motion in arrest of judgment affecting the jurisdiction of the court." The last six words add nothing because no motion in arrest of judgment can be made for cause existing before verdict or the entry of an order for the final disposition of the case "unless such cause

affects the jurisdiction of the court." R. L. c. 173, § 118. *Dean v. Ross*, 178 Mass. 397, 400. All the matters now referred to existed before the entry of the last rescript accompanying the opinion in 213 Mass. 549. It thus appears that already this court has considered the merits of this case fully, and three distinct motions in arrest of judgment, and the decision in every instance has been against the contentions of the respondent.

It is a fundamental principle in the administration of justice according to law in this Commonwealth that it is the interest of the State and the parties that there should be one full and fair trial of the issues in every case according to law, in order to ascertain the truth by rational means, and a decision as to all errors of law seasonably alleged to have arisen therein, and that then there should be an end to the litigation. In the nature of things, if successive motions in arrest of judgment can be filed, and each brought to this court one after another, as of right, then it follows that by the exercise of enough ingenuity and perversity, every suit, action or proceeding may be protracted indefinitely and the courts may be rendered powerless to bring causes to a conclusion by final judgment. Parties rightly entitled to prevail after the establishment of the facts by an impartial and adequate trial would be at the mercy of a sufficiently unscrupulous and acute-minded opponent. The justice which the law of the land had awarded to parties thus constantly might recede from their grasp and ultimately be denied to them. The courts would become inextricably entangled in the meshes of motions and other alleged pleadings and be unable to reach a result. The trial of causes in the courts, instead of enabling everybody, as required by art. 11 of the Declaration of Rights, "to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character . . . promptly, and without delay; conformably to the laws," would become an object of derision and contempt. The State itself would be a helpless spectator to a mere game in which sharpness of wit would prevail over a righteous cause. Such a practice would be an utter refutation of the conception that courts exist for the establishment of justice. Courts are not thus impotent. They are clothed with power to accomplish the end for which they are constituted. The statement of the inevitable consequences of supporting the validity

of the practice of successive motions in arrest of judgment is a complete demonstration of the utter fallacy of the idea that there can be such motions filed one after another as of right. It is the function of courts to accomplish justice by the regular and orderly administration of law. It is their duty to move, with due regard to all interests, irresistibly to a correct conclusion according to law. It is not the right of anybody to delay unreasonably the processes of the courts. It hardly need be said that courts are sedulous to protect all rights secured by law and that this court is most solicitous to examine every error properly alleged in each case brought before it. But it is equally its duty to see that proceedings in the courts do not become a mockery by resort to unusual, unwarranted and unreasonable methods of practice.

A motion in arrest of judgment is in its nature a single ultimate step immediately before the final disposition of a proceeding in court. That which in its essential character is single cannot be split into multitudinous details. It is to be taken only in cases to which it fairly is applicable and at the conclusion of all other methods employed for ascertaining and settling the rights of the parties. The nature of such a motion is to refer to all of error that remains before the case comes to an end. It is the settled rule that a motion in arrest of judgment can be sustained only for errors apparent on the record. *Commonwealth* v. *Brown,* 150 Mass. 334, and cases collected at page 341.

It is a necessary conclusion that as of right there can be but one such motion, unless possibly one has been sustained and thereafter further proceedings on the merits are had. A court may consider a second motion of this sort if it chooses, but it is under no obligation to do so, because a second such motion cannot be presented in the exercise of a right. Through excess of caution that no wrong might be done, already two groups of such motions here have been considered in the case at bar. It was said in *Baker* v. *Warner,* 231 U. S. 588, at page 592, that motions in arrest of judgment "are not favored." For vastly stronger reasons successive motions of that kind are not entitled to be regarded with indulgence. A second motion in arrest of judgment, in an analogy to a second writ of error in the federal courts, at most can bring up for correction only matters which could not have been called to the attention of the court by the earlier motion.

*United States* v. *New York Indians,* 173 U. S. 464, 472. *Illinois* v. *Illinois Central Railroad,* 184 U. S. 77, 92. It stands on no higher or firmer ground than an appeal from a decree or judgment entered substantially in accordance with a rescript or mandate of an appellate court. In such case the utmost that the court will do, if that course seems proper, is to examine the record to see whether it is in conformity with its decision and, if found to be so, the final order, judgment or decree will stand as if there had been no appeal. *Boston, petitioner,* 223 Mass. 36, where the cases are collected.

In analogy to that course the court will now examine the causes set forth in this motion, merely to see that its previous decisions have been complied with. It has been decided in substance, either by express terms or necessary implication, by the previous decisions in this case, that the petition was rightly instituted, was in proper form, was served by the customary notice in conformity to long established usage, that the hearings have been had before impartial judges not disqualified from acting, and that the entire procedure was according to a constitutional and duly enacted statute and to the law of the Commonwealth. None of the constitutional grounds now alleged are open to the respondent. All either have been disposed of expressly or impliedly by the earlier decisions, or might have been raised at some earlier stage of the case. Nothing was left of the appeal of the respondent entered on April 9, 1906, after the report to this court was made, at the request of the respondent and referring to said appeal, of all matters relating to the question whether the order for disbarment was justified as matter of law. It all was disposed of in substance in the decisions reported in 196 Mass. 100 and 204 Mass. 331. It is the duty of the court in all cases to examine of its own motion its jurisdiction to entertain a cause, even though not raised or argued. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462. *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.* 243 U. S. 157, 163. The four preceding decisions in this case are a sufficient determination of jurisdiction. There is no reason to doubt jurisdiction of the cause. The record has been examined with care. The order of disbarment of February 1, 1910, was the final entry of record contemplated by R. L. c. 177, § 1, in a proceeding ripe for final disposition. It was entered

in accordance with a rescript of this court. Its operation was suspended pending the consideration of the matters brought before the court in 211 Mass. 187. But those exceptions were overruled and the orders affirmed by rescript dated February 29, 1912.

Since the entry of the last rescript in conformity to the opinion in 213 Mass. 549, dated February 4, 1913, nothing has occurred to interfere with the operation of that order of disbarment, because, as has been pointed out, the motion in arrest of judgment ought not to have been filed and was not in the exercise of a right of the respondent. The proper disposition would have been to dismiss that motion, and to disallow any exceptions tendered, as referring to a matter not before the court. But that is now of no consequence. A petition for disbarment, being on the law side of the court, *Boston Bar Association* v. *Greenhood,* 168 Mass. 169, 182, is governed by the rules of practice at common law, so far as applicable. After the entry of rescript in accordance with the last opinion of this court, nothing further remained to be done precedent to the case going to final judgment. The case had been brought to a final determination and everything seemed "to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties." *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, 457. The final disposition of the case took place automatically under R. L. c. 177, § 1, as amended by St. 1912, c. 190, and Superior Court Rule 23 (1906) on the first Monday of the month first succeeding the entry of that rescript. See now Superior Court Rule 57 (1915).

The Superior Court had no further jurisdiction to entertain another motion in arrest of judgment. Its decision of that motion and allowance of a bill of exceptions and appeal from the disposition of the motion were nullities because that motion was not and could not in the nature of things be before the court. The action of the court cannot give life to a thing which has no vitality. *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108. *Herrick* v. *Waitt,* 224 Mass. 415, 417. *Riley* v. *Brusendorff,* 226 Mass. 310. The order of disbarment of February 1, 1910, as thus affirmed after the rescripts of February 29, 1912, 211 Mass. 187, and of February 4, 1913, 213 Mass. 549, stands by virtue of R. L. c. 177, § 1, and the Superior Court rule pursuant thereto, as

.if there had been .no attempt to file a motion in arrest of judgment on March 1, 1913, and to have proceedings upon it. In *Matter of Carver*, 224 Mass. 169, 172.

This decision is not based upon St. 1913, c. 716. It is_in accordance with the principle stated in *Boston, petitioner*, 223 Mass. 36, and established by that decision and the numerous cases there cited, and with the principle declared in *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108, so far as those decisions go. A careful re-examination of the whole record makes it plain that every question of law even remotely connected with the respondent's rights, seasonably raised or fairly open, has been fully considered and decided adversely to him.

It is not inappropriate to add that, even if the present motion were before us on its merits, there is nothing in it worthy of discussion. All that was said in 213 Mass. at page 559 applies with even more force now.

> *Exceptions dismissed.*
> *Appeal dismissed.*
> *Disbarment to stand.*