Pettingell, P. J.
The plaintiff’s writ describes the action as one of tort. The declaration, however, according *122 to the report, sounds in contract, a suit on a check which the defendant failed to pay. The defendant filed, a petition to interplead a third party, Napoli, setting forth substantially the following facts.
The defendant is a real estate broker who, as such, was engaged by the plaintiffs to sell a parcel of real estate, for which he secured as a customer the third party interpleaded, with whom he negotiated a sale of the plaintiff’s parcel. The defendant sent the plaintiffs a cheek for the amount of the deposit made by the customer. After the sale the customer demanded back her money, claiming that the sale had been induced by material misrepresentations. The defendant thereupon stopped payment upon the check which he had sent to the plaintiffs. After suit brought, he paid into court the amount sued for.
The trial judge, after a hearing.on the petition of inter-pleader, allowed the petition. The docket entries read, “Petition to Interplead allowed and action discontinued as to Deft. Gauge.” This action appears to follow exactly the procedure provided by G. L. (Ter. Ed.) C. 231, Section 40, which reads, “he may pay it into Court to await final judgment, and thereupon the action shall be discontinued as to him, his liability for said amount shall cease, and his costs shall be in the discretion of the court, and may be charged upon the fund.” ,
Interpleader is possible only where the defendant has no pecuniary interest in the controversy, other than what is involved in the matter interpleaded, and is therefore only a stake holder. If he has such a pecuniary interest, or is under some liability to the plaintiff or claimant, other than what is involved in the matter interpleaded, interpleader is not proper. National Security Co. v. Batt, 215 Mass. 489, at 492. “Between-the claimants he should stand indifferent. If he denies and contests the right of one of them to share in the money due, or if he has incurred a personal *123 liability to either of them independent of the question between the claimants themselves, he is not entitled to relief by way of interpleader.” Gonia v. O’Brien, 223 Mass. 177, at 179. Conway v. Kenney, 273 Mass. 19, at 22. “The office of such a suit is to protect a party, not against a double liability, but against a double vexation on account of one liability.” Fairbanks v. Belknap, 135 Mass. 179, at 184. National Security Co. v. Batt, 215 Mass. 489.
The allowance of a petition of interpleader is in effect an adjudication that the defendant is only a stake holder and therefore entitled to the relief which the statute allows him as such. That question arose in Rodenbush v. Westchester Fire Ins. Co., 227 Mass. 41. The defendant there filed an “Interpleader” and paid the money into court. July 12, 1916, the court “ordered” the action discontinued as to the defendant, with further order as to costs. On October 14, 1916, the plaintiff claimed appeal from the order of July 12, 1916. The court held, at page 43:
“There is ground for the contention that the order of July 12, 1916, was a judgment within the meaning of R. L. c. 173, Section 96 (now G. L. (Ter. Ed.) c 231, Section 96) as amended by St. 1906 C. 342, and St. 1910, C. 555, Section 4, Boston Bar Association v. Carey, 204 Mass. 331, 335, (See Oliver Ditson Co. v. Testa, 216 Mass. 123) and that it was a judgment final in its value so far as concerned the defendant, for it thereby was dismissed from the case and relieved from all further connection with it. * * *
“But that question need not be determined. If it was such a judgment, then an appeal must have been claimed within thirty days after its entry under the statutes above cited. It was not such a final judgment, and is to be treated as an ‘order or ruling’ within the meaning of those words in Rule 44 of the Superior Court of 1906, which was in effect at the time of these events, then the appeal must have been taken within twenty days after July 12, 1916.
“If it is to be treated as a simple ruling of law, reviewable only by exceptions, then exception must have *124 been taken at the time the ruling was made, or, if made in the absence of counsel as to a matter pending before the judge without a jury, then exception must have been saved within a reasonable time after the ruling was made * * *. It does not appear that any exception ever was saved nor any bill of exceptions filed. The plaintiff states in his brief that the time- for exceptions has expired. Whatever may he the true nature of the ‘Memorandum and Order’, it is plain that the time has gone by for the presentation to this court of the questions sought to be reviewed.” Roberts v. United States Trust Co., 234 Mass. 224, at 230, 231. Kingsley v. Fall River, 280 Mass. 395, at 400.
In the case at bar the petition to interplead was allowed October 19, 1942 and, as of that date, the following entry appears on the Docket entries “Action discontinued as to Def. Grange”. The same day the plaintiff’s demurrer to the petition to interplead, filed earlier, was overruled. October 22, 1942, the plaintiff filed a request for a report but November 5, 1942, upon the defendant Gauge’s motion, the “Claim for Report” was “dismissed”. This latter action left the proceedings of October 19, 1942 final and beyond appeal. November 7, 1942, the plaintiff filed a discontinuance of the action. November 12, 1942, the defendant Gange and the claimant Napoli filed motions to expunge this discontinuance which were denied. The trial judge reports his action in denying these motions.
The right of a plaintiff to discontinue his action at law before he goes to trial is without doubt. Derick v. Taylor, 171 Mass. 444, at 445. Earl Carpenter & Sons Co. v. New York, New Haven & Hartford Railroad Co., 184 Mass. 98, at 100-103. Bothwell v. Boston Elevated Ry., 215 Mass. 467, at 475. French v. Brooke, 241 Mass. 315, at 317. Alpert v. Mercury Publishing Co., 272 Mass. 39, at 40, 41. Nicolai v. Nicolai, 283 Mass. 241, at 246. Zwick v. Goldberg, 304 Mass. 66, at 70.
*125 In Marsch v. Southern New England Railroad, 235 Mass. 304, at 307, the court said,
“It was settled under our practice previous to the enactment of St. 1914, C. 576, Section 1, which is not applicable to the facts of the present case, that where no declaration in set-off had been filed under R. L. C. 174, Section 8, a plaintiff has the right at law voluntarily to become nonsuit at any time before trial, but that after the trial has begun he cannot become non-suit except by permission, and at the discretion of the court. * * * And ‘trial’ means ‘The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue. ’ Commonwealth v. Soderquest, 183 Mass. 199, 201. The opening of the case to the jury or to the court, if a jury has not been called for, fixes the time after which a plaintiff cannot discontinue as matter of right. It also is wholly immaterial whether the opening is followed by a full or partial trial. * * * The fact that the defendant may be subject to further litigation does not affect the rule.”
The rule in equity has always been more liberal than the rule at law, but, as has been pointed out in several of the cases cited, the tendency has been to relax the rigor of the rule at law. In Inhabitants of Weston v. Railroad Commissioners, 205 Mass. 94, at 97, the court said,
“While the rule in equity is not precisely the same as at law, the general principle, both at law and in equity, is that the plaintiff may abandon his suit, without being barred, whenever it can be done without injuriously affecting rights of the defendant acquired by reason of the bringing of the suit.”
Whether the rights of the defendant Gauge be determined upon the theory that the bearing upon the petition to interplead was a “trial” within the meaning of Marsch v. Southern New England Railroad, 235 Mass. 304, or upon the theory that the statute gave him a right to a discon *126 tinuance, which was not appealed from and has become the law of the case, (Rodenbush v. Westchester Fire Ins. Co., 227 Mass. 41), the fact remains conclusive and final, that under the statute he has a right not only to a discontinuance, but of relief from further prosecution, as well as to costs, rights which nothing that the plaintiff can do can take away from him. As to him the plaintiff’s discontinuance is meaningless. He was already out of the case and possessed of statutory rights before the plaintiff filed his discontinuance. By pleading these facts he has a good defence against any further action by the plaintiff on the same ground.
The claimant Napoli, the other appellant, has no such standing. ' As to her the plaintiff could discontinue at any time. No statute gives her any protection against further suits and she stands exactly as the original defendant stood before his petition to interplead was allowed.
We have considered the cases on their merits but we fail to see any issues of law raised by the reports, The disallowance of the motion to expunge, as to Napoli, was proper. As to Grange, the plaintiff’s discontinuance being ineffective, Grange could not as matter of right demand that it be expunged. As to him, it should be disregarded.
There being no prejudicial error, the report is to be dismissed.