### Sarah A. T. Peabody *vs.* Timothy H. Peabody.

The mere neglect of a husband, with no circumstances of aggravation, to provide maintenance for his wife and children for fifteen years, during which she has supported the children from her own earnings, is not such gross or wanton and cruel neglect as will sustain a libel in her behalf on the Gen. Sts. c. 107, § 9, for a divorce.

Libel on the Gen. Sts. *c.* 107, § 9,* for a divorce from bed and board, for the gross or wanton and cruel neglect of the libellee to provide suitable maintenance for the libellant; heard at April term 1869, by *Gray*, J., who reserved for the decision of the full court the question whether a divorce should be granted on the following facts:

" The libellee was a policeman; left the libellant a year before the filing of the libel; and never since, nor for some years before, contributed to her support or that of her children. She has supported herself and her children for fifteen years, and neither she nor her children have ever suffered, or been in danger or apprehension of suffering, for want of support; but they might have suffered if she had not supported them by her own earnings. Since he left her, she has never asked him for support, but has relied on her own earnings."

*H. N. Sheldon,* for the libellant. Whenever a husband is able to support his wife and children, and they have not means to maintain themselves, and are compelled by his default to rely on their own labor, a persistent neglect on his part to provide for them any support whatever is of itself sufficiently " gross or wanton and cruel." Such words of aggravation have of themselves no legal signification, and are merely vituperative epithets. Willes, J., in *Grill* v. *General Iron Screw Collier Co.* Law Rep 1 C. P. 600, 612. Denman, C. J., in *Hinton* v. *Dibbin*, 2 Q. B 646, 661. Rolfe, B., in *Wilson* v. *Brett*, 11 M. & W. 113, 115,

---

* " A divorce from bed and board may be decreed for extreme cruelty, utter desertion, gross and confirmed habits of intoxication contracted after marriage, or cruel and abusive treatment by either of the parties; and on the libel of the wife, when the husband, being of sufficient ability, grossly or wantonly and cruelly refuses or neglects to provide suitable maintenance for her."

116. Cresswell, J., in *Austin* v. *Manchester, Sheffield & Lincolnshire Railway Co.* 10 C. B. 454, 474, 475. Curtis, J., in *Steamboat New World* v. *King*, 16 How. 469, 474, 475. Persistent neglect to comply with a moral duty which is also a legal obligation cannot be other than gross ; and, when it compels a wife to work for the support of herself and her children, cannot be less than cruel. But under the words of the Gen. Sts. *c.* 107, § 9, no cruelty need be shown. A neglect either gross on the one hand, or wanton and cruel on the other, is sufficient. Cruelty being by the same section a ground of divorce, it cannot be supposed that this was intended to be either a repetition of that provision or a requirement of something additional.

Nor can a divorce be refused because this husband's neglect to provide for his wife's support did not cause her to actually suffer. There were but three courses open to her: to live in privation, until she should become a pauper ; to appeal to the charity of friends, and become a genteel beggar ; or to work, and support herself and her children as best she might by her own earnings. Because she had spirit and energy to choose the third course, and her exertions have been so far successful as to provide for her and her children, must she stand in a worse position than if she had sulked or mourned until she perished of inanition or became a pauper ? To hold so is to suppose that the legislature intended to discourage industry, and hold out an inducement for idleness to women whose natural supporters might fail them.

Nor can it be refused because this wife, after fifteen years of continuous neglect of her husband to do his duty, made no demand upon him for support. It must be presumed that such a demand would have been unavailing. Besides, nothing more than neglect need be shown. The words of the statute are " refuses or neglects."

All the cases in which, under similar statutes, a divorce has been refused, have been decided either where the common law rule prevailed, that all the property and earnings of the wife were property of the husband, and therefore for her to support herself by her earnings was the same thing as for him to sup-

port her from his means; or else upon the civil law doctrine of community of property between husband and wife, as recognized in Louisiana and California. Our statutes, making the earnings of a wife her sole and separate property, deprive such cases of all weight. See *Washburn* v. *Washburn,* 9 Cal. 475; 1 Bishop Mar. & Div. (4th ed.) §§ 820, 821.

No counsel appeared for the libellee.

COLT, J. The report in this case discloses mere neglect on the part of the husband to provide for the maintenance of his wife. This is not enough under our statute. The neglect must be "gross or wanton and cruel" on his part, he being of sufficient ability to provide. These words were used for the purpose of giving to the conduct of the husband, in this respect, the character which they imply, and are not to be disregarded.

The case finds, that, although the neglect of the husband commenced many years before the final separation, and continued down to the time of filing the libel, yet neither the wife nor her children had in fact suffered, or been in danger of suffering, from want of support. But, without asking support of him, since he left her, she had relied on her own earnings, which were in no way interfered with by him. This is not the neglect contemplated by the statute as a ground of divorce from bed and board. In *Bailey* v. *Bailey,* 97 Mass. 373, upon a full consideration of the whole subject, it was said, that, " when a divorce is sought on the ground of cruelty, whether it be cruel and abusive treatment, or cruelty in neglecting or refusing to provide suitable maintenance for the wife, a reasonable construction of the statute requires that it shall appear to be, at least, such cruelty as shall cause injury to life, limb or health, or create danger of such injury, or a reasonable apprehension of such danger."

It may be, that, under some circumstances, a sudden and continued refusal to provide the necessaries of life to a wife, who is left thereby, with her children, to her own earnings, would be regarded, within the meaning of the statute, as " gross or wanton and cruel;" as where, from the previous habits, or mode of life, or state of health, or incapacity to labor from any cause

such conduct would cause injury to health, or dangei of such injury, or reasonable apprehension thereof. In the case at bar it was simple neglect, with no circumstances of aggravation.

*Libel dismissed.*