### DORA P. HOLT *vs.* JONATHAN B. HOLT.

Middlesex.    Jan. 13. — Feb. 27, 1875.    AMES & ENDICOTT, JJ., absent.

A libel for a divorce from the bond of matrimony, under the St. of 1870, c. 404, § 2, charged the gross, wanton and cruel neglect of a husband to provide suitable maintenance for his wife.    The evidence was that he left her without cause and remained away for ten months without providing for her; that they afterwards lived together until a year prior to the filing of the libel, when the wife, shortly before her confinement, went at his request to the house of her aunt, and he left her again without means of support, and had not since provided for her.    There was evidence of the husband's ability to support his wife, and there was no evidence whether she was or was not able to earn her own support.    The justice of this court, before whom the case was heard, dismissed the libel.    *Held*, upon exceptions to his decision, that it did not appear that the divorce was improperly refused.

LIBEL on the St. of 1870, *c.* 404, § 2,* for a divorce from the

---

* " In addition to the causes now provided by law, a divorce from the bond of matrimony may be decreed for extreme cruelty, utter desertion, gross and confirmed habits of intoxication contracted after marriage, or cruel and abusive treatment by either of the parties ; and on the libel of the wife, when the husband, being of sufficient ability, grossly or wantonly and cruelly refuses or neglects to provide suitable maintenance for her." ·

bond of matrimony, alleging for cause that the libellee, " being of sufficient ability so to do, grossly, wantonly and cruelly refuses and neglects to provide suitable maintenance for " the libellant. Hearing before *Devens*, J., on May 2, 1874, who held that the following facts were insufficient for the libellant to maintain her libel, and, at her request, reported the case for the consideration of the full court.

It was proved at the hearing that the parties were married in Boston on September 3, 1868, and immediately went to Manchester in New Hampshire, where they resided for about two years, and then removed to Watertown in this Commonwealth, where they resided and kept house for about six months, and that the libellee, without cause, left the libellant and remained away for about ten months, during which time he provided no support for the libellant; that he then returned and found her living with her father in Framingham ; and, upon the libellee's faithful promise to support and provide for her, she went with him back to Watertown, where they then lived together as husband and wife till a short time before she was confined by the birth of a child, when, at the request of the libellee, the libellant went to the house of her aunt in Framingham to remain till after she should recover from her confinement; that her child was born in February, 1873, and in the same month the libellee left her without cause and without notice, leaving her no money or means of support, and without making any provision for her support and paying no expenses of her confinement ; and from that time to the hearing of this libel, the libellant has not seen him nor received any aid or support from him either directly or indirectly, nor heard from him except a report that he was in the State of New York. It did not appear whether the libellant was or was not able to earn her own support and that of her child in a suitable manner.

It was also proved that the libellee was and had been a sash and blind-maker by trade, and was, while he resided with his wife, always well, and then could and did earn from three to three and one half dollars per day.

*W. N. Mason*, for the libellant.

No counsel appeared for the libellee.

COLT, J. This case comes within the rule laid down in *Peabody* v. *Peabody*, 104 Mass. 195. The charge of the wife is that

the libellee, being of sufficient ability, grossly, wantonly and cruelly refuses and neglects to provide suitable maintenance for her. We cannot say, upon the facts reported, that the judge who heard the case improperly refused to grant a divorce. He may have well found that the necessary element of cruelty, " causing injury to health, or danger of such injury, or reasonable apprehension thereof," was wanting. *Libel dismissed.*