## ELLA L. KEENAN *vs.* MATTHEW T. KEENAN.

Suffolk.    March 30, 1914. — October 24, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Marriage and Divorce. Evidence,* Presumptions and burden of proof.

Upon a libel for divorce under R. L. c. 152, § 1, on the ground that the libellee, being of sufficient ability, grossly or wantonly and cruelly refused or neglected to provide suitable maintenance for the libellant, the burden is upon the libellant to prove that the libellee was of sufficient ability and that the neglect to provide maintenance was gross or wanton and cruel, and the fact that the evidence warrants a finding for the libellant on both of these issues and that such evidence is uncontradicted does not compel the trial judge, who hears and sees the witnesses and has the right to disbelieve them, to make such a finding.

Upon a libel for divorce under R. L. c. 152, § 1, on the ground that the libellee, being of sufficient ability, neglected grossly, wantonly and cruelly to provide suitable maintenance for the libellant, evidence that the libellee was a carpenter and contractor, who at the time he abandoned the libellant had $600 and several contracts for work which would have brought him an income, on which the

judge found that at the time of the abandonment the libellee was of sufficient ability to provide suitable maintenance for his wife, does not require the judge also to find that the libellee's ability to provide suitable maintenance for the libellant continued indefinitely, and it is right for him to refuse to rule as matter of law that on this evidence the libellee's sufficient ability was presumed to continue.

LIBEL for divorce under R. L. c. 152, § 1, filed on November 14, 1912, alleging desertion, and that the libellee, "being of sufficient ability . . . has grossly, wantonly and cruelly refused and neglected, and at the present time grossly, wantonly and cruelly refuses and neglects, to provide suitable maintenance and support for your libellant."

In the Superior Court the case was heard by *Jenney,* J. The evidence as reported in the bill of exceptions is described in the opinion. At the close of the evidence the libellant asked the judge to make the following rulings:

"1. The libellee was, at the time he abandoned the libellant, of sufficient ability to provide suitable maintenance for her. [This ruling, or finding, was made by the judge.]

"2. The libellee is a carpenter and contractor, and as such has such earning capacity that he has continued to be of sufficient ability to provide suitable maintenance for the libellant.

"3. The libellee has wantonly and cruelly neglected to provide suitable maintenance for the libellant.

"4. The libellee has grossly neglected to provide suitable maintenance for the libellant.

"5. The libellee suddenly and continuously abandoned the libellant without means of support, and thereafter neglected and refused to provide her with the necessaries of life, at a time when, as he knew, she was from four to six months advanced in pregnancy and had a child about one year and six months of age dependent on her, and had no earning capacity and no money or property; which conduct caused danger of injury to her health, or reasonable apprehension of such danger.

"6. The libellee, by his neglect to provide suitable maintenance for the libellant, caused her to suffer injury to her health.

"7. The libellee, by his neglect to provide suitable maintenance for the libellant, caused her to suffer danger of injury to her life or health.

"8. The libellee, by his neglect to provide suitable maintenance

for the libellant, caused her to suffer a reasonable apprehension of danger to life, limb or health.

"9. Upon all the evidence a decree of divorce should be granted to the libellant."

The judge made the first of these rulings, or findings, and refused to make any of the others. He made an order that the libel "be dismissed, but without prejudice to a subsequent libel on the ground of desertion;" and the libellant alleged exceptions.

The case was submitted on briefs at the sitting of the court in March, 1914, and afterwards was submitted on briefs to all the justices.

*W. Powers,* for the libellant.

No counsel appeared for the libellee.

HAMMOND, J. The burden was upon the libellant to prove that the libellee was of sufficient ability, and that the neglect to provide maintenance was gross or wanton and cruel; and the question is not whether the evidence would have justified a finding in favor of the libellant upon both of these propositions, but whether as matter of law it required such a finding.

The record contains a statement of the evidence. We interpret it as stating that there was evidence tending to prove the alleged facts, and not that such facts either were admitted by the parties or were found as such by the presiding judge. While the presiding judge found that the libellee at the time he abandoned the libellant was of sufficient ability to provide suitable maintenance for her, there is no statement of his subsidiary findings upon the question of cruelty; and we cannot know what those findings were.

Even if it be conceded that the evidence would have warranted a finding that the neglect to provide maintenance was gross or wanton and cruel, it did not as matter of law compel such a finding. The judge may have thought that the testimony of the libellant and her father as to her suffering during the two days next succeeding the disappearance of her husband was greatly exaggerated, and that, even if true, such suffering was attributable not to any failure to provide maintenance, but to her grief at the separation. He may have thought, further, that the evidence of the father as to the scarcity of food and clothing after he took the libellant to his home was too vague and indefinite to show that

the suffering was such as to make the failure to support gross or cruel and wanton. Indeed he may have disbelieved much of the testimony in this and other respects, although it was uncontradicted. The witnesses were before him, and he could judge of their credibility. His manner of dealing with the fifth request would seem to indicate that the testimony as to the circumstances of the desertion of the libellant and its effects upon her was in his opinion greatly exaggerated and not reliable.

Upon considering the whole evidence we cannot say that the refusals to rule as requested, so far as respected this branch of the case, were erroneous. See *Bailey* v. *Bailey*, 97 Mass. 373; *Peabody* v. *Peabody*, 104 Mass. 195; and *Holt* v. *Holt*, 117 Mass. 202, for a general discussion of the principles applicable to this subject.

The libel was dismissed "without prejudice to a subsequent libel on the ground of desertion," but, as it does not appear upon what ground it was dismissed, it is necessary to consider the exceptions which relate to the matter of the ability of the libellee to provide maintenance.

Upon this part of the case the judge ruled that at the time of the abandonment the libellee was of sufficient ability to provide suitable maintenance for his wife. But he refused to give a further ruling that the "libellee is a carpenter and contractor, and as such has such earning capacity that he has continued to be of sufficient ability to provide suitable maintenance for the libellant." This was not a request to rule that in the absence of any evidence whatever a capacity once established is presumed to continue, but a request to rule that a carpenter or contractor as such has such earning capacity that he is presumed to be of sufficient ability. But even if it be interpreted as a request that the libellee be found of sufficient ability at the time he left the libellant, it did not follow that there was the presumption of a continuance of his ability. At the time he left he had $600 and several contracts for work which would have brought him in an income, and there was no presumption of law that this state of things would continue. There was no error in refusing to give this second request.

*Exceptions overruled.*