### IRENE M. WEBSTER *vs.* LLOYD WEBSTER.

Hampshire.    September 19, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Marriage and Divorce.    Probate Court, Divorce Rule 8, Findings of fact. Waiver.    Rules of Court.*

While Divorce Rule 8 of the Probate Courts has the force of law and the court has no power to dispense with it, it does not prevent a probate court from proceeding to a full hearing of a libel for divorce and receiving all competent evidence pertinent to the fundamental question whether the libel ought to be granted, although no answer to the libel was filed until over two months after the return day of the citation, where it appears that the answer set up no affirmative defence.

Upon an appeal from a decree of a probate court dismissing a libel for divorce after a hearing, findings of fact made by the judge without a

recital of evidence, where no stenographer was appointed under G. L. c. 215, § 18, must be accepted as true if not inconsistent with one another.

A finding, by a judge of probate upon the hearing of a libel for divorce, that he was not satisfied that there was any cruel or abusive treatment or injury to the libellant as claimed, is decisive of a claim for divorce on that ground.

Where, at the hearing of a libel by a woman for divorce on the ground of gross or wanton and cruel refusal and neglect to provide suitable maintenance, it appeared that the libellant had always lived with her parents and they always had supported her, and that she at no time had suffered or was ill because of the fact that the libellee had not provided for her, a decree dismissing the libel was proper.

LIBEL for divorce, filed in the Probate Court for the county of Hampshire on July 13, 1927, the grounds stated being cruel and abusive treatment and that the libellee had "wholly failed to provide support of any kind" for the libellant and their child.

The court issued a citation returnable on September 6, 1927. On July 18, 1927, the libellee filed an appearance and, on July 30, a motion for specifications, which was allowed on the same day. Specifications were filed on September 14, an allowance for prosecution of the libel was made to the libellant on September 16, and a motion to amend the libel was made on October 10. The libellee filed interrogatories to the libellant on November 5, which were answered on November 10. The libellee's answer was filed on November 10. In it the libellee admitted the marriage, and denied, *seriatim*, all other material allegations of the libel. There was no affirmative defence set up.

The libel was heard by *Field*, J., no stenographer being appointed under G. L. c. 215, § 18. He ordered the entry of a decree dismissing the libel without prejudice, and, at the request of the libellant, reported the facts found by him, stating that the libel "was dismissed 'without prejudice' in order that this decree might not have any prejudicial effect upon any libel for the cause of desertion which might be brought at a later time." Findings as to nonsupport were as follows: "There was a further allegation of refusal or neglect on the part of the libellee to provide suitable maintenance for her and her child and a request for an allowance. The libellant has always lived with her parents and they have

always supported her. From the time of her marriage until the time of the trial she had continued to live with her parents on Grant Avenue in Northampton and received sufficient support from them during that time. She at no time suffered or was ill because of the fact that the libellee had not provided for her. Her appearance in court indicated good physical condition. Seven months after the marriage, on April 18, 1927, the libellant gave birth to a daughter at a private hospital in East Northfield, Massachusetts. This child has been comfortably clothed and supported since its birth either by its mother or her parents at their home in Northampton. Apparently neither the libellant nor her child have been in need since the marriage nor suffered or been in danger of suffering from lack of support on the part of this libellee." Other material facts are stated in the opinion.

Divorce Rule 8 of the Probate Courts reads as follows:

"A libellee who appears to contest the libel, shall, forthwith, file an answer stating fully and specifically what allegations in the libel he admits or denies and every substantive fact he intends to rely upon at the hearing. No affirmative defense shall be heard unless set up by the answer."

*J. F. Henry,* for the libellant.

*J. A. G. Andre,* (*W. L. Stevens* with him,) for the libellee.

RUGG, C.J. This is a libel for divorce by the wife against the husband. The causes set forth in the libel as amended are (1) cruel and abusive treatment and (2) gross or wanton and cruel refusal or neglect to provide suitable maintenance for the libellant by the libellee, he being of sufficient ability. A decree was entered dismissing the libel without prejudice. There is no report of the evidence, but the judge made a finding of material facts. The appeal of the libellant brings the case here.

Counsel for the libellee appeared on July 18, 1927. After specifications had been ordered and answered and interrogatories filed and answered, the libellee filed an answer on November 10. The case came on to be heard on November 23, 1927. The libellant then filed a motion that no evidence be received under the answer because the libellee had failed to comply with Divorce Rule 8 of the Probate Courts to the

effect that a contesting libellee shall "forthwith" file an answer. This rule of court has the force of law and the court has no power to dispense with it. Nevertheless, it does not prevent the court from proceeding to a full hearing and receiving all competent evidence pertinent to the fundamental question whether the libel ought to be granted. Merely procedural rights of parties are not necessarily coextensive with the duty of the court touching the termination of the state of matrimony between libellant and libellee. The libellant did not move to have the answer stricken from the files, nor ask for a continuance. *Morrison* v. *Morrison*, 136 Mass. 310. The rule further provides that "no affirmative defense shall be heard unless set up by the answer." There is no transcript of the evidence. There is no report by the judge of any seasonable objection to evidence based upon violation of this rule. There is nothing to indicate an "affirmative defense" presented by the libellee, nor anything more than a challenge of the truth of the allegations of the libel. Evidence bearing on these allegations might be received and considered.

It is not necessary to narrate in detail the report of the judge. He saw the libellant and libellee and heard the oral testimony of them and their witnesses. His findings must be accepted as true in the absence of a full report of the evidence. *Drew* v. *Drew*, 250 Mass. 41, 44.

The finding of the judge is express to the effect that he was not satisfied that there was any cruel or abusive treatment or injury to the libellant as claimed. This was a pure question of fact. On it the decision of the judge is decisive. No evidence is recited and no facts are found shaking his conclusion. On this point the case is well within the authority of numerous decided cases. *Bonney* v. *Bonney*, 175 Mass. 7. *Curtiss* v. *Curtiss*, 243 Mass. 51, and cases collected at page 53. *Murray* v. *Murray*, 255 Mass. 19, 22.

The facts found with respect to the ground of gross or wanton and cruel refusal and neglect to provide suitable maintenance show no error on the part of the court in refusing to grant the divorce on this ground. A general discussion of the governing principles of law on this subject may be found in *Bailey* v. *Bailey*, 97 Mass. 373, *Peabody* v. *Pea-*

*body,* 104 Mass. 195, and *Holt* v. *Holt,* 117 Mass. 202. It need not be repeated. Tested by those principles, the libellant fails to show any error.

There is no finding to the effect that the libellee is not the father of the child. See *Taylor* v. *Whittier,* 240 Mass. 514.

No question has been argued as to the form of the decree. Therefore that need not be considered. See *Keenan* v. *Keenan,* 219 Mass. 107.

The libellee has stated in his brief that he does not waive any points not argued. Such an assertion imposes no duty upon the court as to such points. *Commonwealth* v. *Dyer,* 243 Mass. 472, 508.

*Decree affirmed.*