PHILIP S. SANDERSON *vs.* HELEN D. SANDERSON.

HELEN D. SANDERSON *vs.* PHILIP S. SANDERSON.

Middlesex.    April 1, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Probate Court,* Divorce proceedings: affirmative defence, condonation; Appeal. *Marriage and Divorce. Rules of Court.*

A wife filed no answer to a libel for divorce brought against her on the ground of cruel and abusive treatment of her husband. The evidence at the hearing, while it disclosed cruel and abusive treatment, also disclosed that the husband had condoned the offence. The judge of probate refused to permit counsel for the libellee to argue the question of condonation "on the ground that no answer had been filed [by the libellee] nor that defence pleaded," in compliance with Divorce Rule 8 of the Probate Court, denied a motion of the libellee to file an answer setting up that defence, and also refused to instruct himself that as matter of law the libellant had condoned the alleged offence and that "The husband or wife who, knowing of a marital offence committed by the other, continues to live with that other in

marital relations, condones the offence and cannot set it up as a ground of divorce." The libellee appealed from a decree *nisi*. *Held*, that

(1) Although the rule of court had the force of law and the judge had no power to dispense with it, and the libellee had no right in the absence of an answer to introduce evidence to support an affirmative defence or to avail herself of it when disclosed in the libellant's testimony, it was nevertheless true, since the facts were not in dispute, that the question, whether the divorce should be denied because to grant it would be against public policy, was one that could be raised by the libellee on motion and one which, if presented by counsel or noticed by the court, should have been passed upon by the court;

(2) This exception to the general rule as to the force of a rule of court is particularly applicable where the relation to be affected is marriage;

(3) The decree was reversed and the case remanded to the Probate Court for further proceedings.

LIBEL for divorce, filed by a husband in the Probate Court for the county of Middlesex on May 28, 1929; also a

PETITION, filed by the wife in the same court on July 19, 1929, seeking separate maintenance.

The libel and the petition were heard together by *Harris*, J. Proceedings at the hearing are stated in the opinion. Decrees for the husband in both proceedings were entered. The wife appealed.

Divorce Rule 8 of the Probate Court reads as follows:

"A libellee who appears to contest the libel, shall, forthwith, file an answer stating fully and specifically what allegations in the libel he admits or denies and every substantive fact he intends to rely upon at the hearing. No affirmative defense shall be heard unless set up by the answer."

*A. M. McDonough*, for Helen D. Sanderson.

*F. G. Lichtenstein*, (*T. J. Maher* with him,) for Philip S. Sanderson.

PIERCE, J. These are two appeals from decrees entered by the Probate Court, one from a decree of divorce *nisi* for cruel and abusive treatment on the part of the libellee, which also awarded custody of the minor children of the parties to the libellant, and the other from a decree dismissing the petition of Helen D. Sanderson for separate support. The cases were tried together by a judge of the Probate Court for the county of Middlesex, who filed a report of

material facts under G. L. c. 215, § 9, at the request of the appellant.

The parties were married January 27, 1917, and lived together as husband and wife until December 24, 1928. "The last act of violence set forth in the specifications or testified to by the libellant occurred in February, 1928, but the parties continued to live together as husband and wife until December 24, 1928, when the libellee went to Nova Scotia with his permission to join her children who had been living there with a cousin of the libellant since the preceding September. The libellant accompanied her to the boat when she sailed, and testified on cross examination that their parting 'was as friendly as you could expect under the circumstances.' " On February 4, 1929, the libellant wrote his wife a letter in which he said: "I want you to pick up your belongings and start for home this week. I think you have staid [*sic*] long enough." The libellant testified that, after writing this letter and her refusal to comply with his request, he reached the decision to bring a libel for divorce. The libel for divorce, alleging cruel and abusive treatment, was filed May 28, 1929, and was served on her by registered mail in Nova Scotia after she received the letter above referred to. She remained in Nova Scotia until June, 1929. She testified that on her return to Massachusetts she went to her mother rather than to her husband because she had received the divorce summons and considered that her husband did not want her to come back to him; that within two weeks after her return from Nova Scotia she asked her husband to take her back and he refused; that she was always ready and willing and wanted to live with her husband and was so willing up to and including the time of the trial.

The libellee requested certain rulings as to the nature and kind of cruelty and abuse which lays a legal foundation for a divorce under G. L. c. 208, § 1. The judge refused to give the requested rulings and found as a fact that the libellee had been guilty of cruel and abusive treatment and that she was not living apart from her husband for justifiable cause. In passing we assume the judge instructed

himself in accord with *Bailey* v. *Bailey,* 97 Mass. 373, and *Freeman* v. *Freeman,* 238 Mass. 150, although he refused to instruct himself in the form requested.

We assume, without decision, that the facts reported warranted the conclusion of fact that the libellee had been guilty of "cruel and abusive treatment" as that phrase is defined in the cases above referred to and similar cases.

The judge refused to permit counsel for the libellee to argue the question of condonation "on the ground that no answer had been filed [by the libellee] nor that defence pleaded," in compliance with Divorce Rule 8 of the Probate Court to the effect that a contesting libellee "shall, forthwith, file an answer," and denied a motion of the libellee to file an answer setting up that defence. He also refused to instruct himself that as matter of law the libellant has condoned the alleged offence and that "The husband or wife who, knowing of a marital offence committed by the other, continues to live with that other in marital relations, condones the offence and cannot set it up as a ground of divorce," referring to *Holsworth* v. *Holsworth,* 252 Mass. 133, 134, from which the request is quoted. While it is true the rule has the force of law and the judge has no power to dispense with it, *Carp* v. *Kaplan,* 251 Mass. 225, *Webster* v. *Webster,* 264 Mass. 551, 554, and it is also true that a libellee has no right in the absence of an answer to introduce evidence to support an affirmative defence or to avail himself of it when disclosed in the libellant's testimony, it is nevertheless true, if the facts be not in dispute, that the question whether the divorce should be denied because to grant it would be against public policy is one that can be raised by a libellee on motion and one which, if presented by counsel or noticed by the court, should be passed upon by the court. *Webster* v. *Webster, supra.* This is an exception to the rule and is applicable and controlling in the disposition and determination of all causes over which the courts have justiciable cognizance and are called upon to lend aid to the enforcement of alleged rights. *Rodman* v. *Guilford,* 112 Mass.

405, 406. *Cardoze* v. *Swift*, 113 Mass. 250, 252. *Claflin* v. *United States Credit System Co.* 165 Mass. 501, 503. *Wylie* v. *Marinofsky*, 201 Mass. 583, 584. *Adams* v. *East Boston Co.* 236 Mass. 121, 127. *Dapson* v. *Daly*, 257 Mass. 195, 197. *Reuter* v. *Ballard*, 267 Mass. 557. The exception is particularly applicable where the relation or status to be affected is that of marriage, which cannot be repudiated or terminated at the pleasure of the parties but can be dissolved only by the State itself, which "has a deep interest to see that its integrity is not put in jeopardy, but maintained." *Coe* v. *Hill*, 201 Mass. 15, 21. *Murray* v. *Murray*, 255 Mass. 19, 22. The decrees are to be reversed, and the cases remanded to the Probate Court of Middlesex County for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*