GERTRUDE S. WOODWORTH *vs.* JAMES G. WOODWORTH.

Middlesex.    April 2, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Evidence*, Presumptions and burden of proof, Of insanity. *Probate Court*, Requests and rulings, Appeal.

A petition for the annulment of a marriage on the ground of insanity of the libellee at the time of the marriage was heard by a judge of probate and was allowed. The libellee appealed. The judge reported the material facts found by him under G. L. c. 215, § 11. In the document containing such report was printed also a request by the libellee for a ruling that "Sanity is presumed until the contrary appears. The burden of proving the insanity, or such mental incapacity, of the respondent as to make the attempted marriage . . . void or voidable rests upon the libellant." It did not appear in the record before this court whether this request was given or refused, or whether a stenographer had been appointed under G. L. c. 215, § 18, as amended. There was no report of the evidence. *Held*, that
    (1) The ruling requested stated the correct rule of law, and the libellee was entitled to have it given;

(2) In the circumstances, it not being apparent to this court that the same decree would have been entered if the judge had followed such rule of law, the decree must be reversed and the case must stand for further hearing by the judge of probate.

PETITION for annulment of marriage, filed in the Probate Court for the county of Middlesex on April 2, 1928.

The petition was heard by *Leggat*, J., and was allowed. The libellee appealed. The judge reported the material facts found by him under G. L. c. 215, § 11. In the document containing such report were printed also certain of the pleadings and the request for ruling by the libellee quoted in the opinion. It did not appear whether such request was given or refused, or whether a stenographer had been appointed under G. L. c. 215, § 18, as amended. No evidence was reported.

*R. Woodworth*, for the libellee.

*F. Callahan*, (*J. P. Feeney* with him,) for the libellant.

CARROLL, J. The libellant and libellee were married on June 6, 1925. They had known each other for about four years. On April 2, 1928, the petition of the wife for the annulment of the marriage, alleging that the libellee was incapable of contracting marriage because of insanity, was entered in the Probate Court, and on December 20, 1928, a decree was made declaring the marriage null and void. The guardian *ad litem* of the libellee appealed. It did not appear that a stenographer was appointed to take the evidence and there is no report of the evidence. The judge made a report of his findings.

The guardian *ad litem* asked for this ruling of law: "Sanity is presumed until the contrary appears. The burden of proving the insanity, or such mental incapacity, of the respondent as to make the attempted marriage of the libellant and libellee void or voidable rests upon the libellant." The record does not show whether this request was refused or granted and it cannot be known that the decree of annulment would have been entered if the judge had followed the correct rule of law stated in the request. The libellee has gone as far as he could to show injury in view of the action

of the judge. *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517. *McCabe* v. *Chelsea*, 265 Mass. 494. *American Congregational Association* v. *Abbot*, 252 Mass. 535. *Sullivan* v. *Roche*, 257 Mass. 166, 169. "When a case is tried without a jury, the judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principle of law; he is also the tribunal compelled to determine what the facts are. When these duties are nicely analyzed, he ought as judge to formulate the governing rules of law, and then, acting in place of the jury, he ought to follow these rules in deciding where the truth lies on conflicting evidence." *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18.

An insane person is incapable of contracting marriage and under our statute the validity of the marriage "shall be raised only in a process instituted in the lifetime of both parties." G. L. c. 207, § 5. The libellee's request directed the judge's attention to the presumption of sanity, that the burden of proving the insanity of the libellee was on the libellant. The libellee was presumed to be sane, and as the affirmative of the issue was upon the libellant, the burden of proof rested on her. See *Richardson* v. *Bly*, 181 Mass. 97, 99; *Clifford* v. *Taylor*, 204 Mass. 358, 361; *Claffey* v. *Fenelon*, 263 Mass. 427, 430. While the findings of the judge must stand in the absence of a full report of the facts, *Webster* v. *Webster*, 264 Mass. 551, the request for ruling was sound in law and it was error to refuse it.

We do not think it necessary to discuss the remaining requests. Many of them cannot be considered in the absence of a report of the evidence. The question of insanity has been frequently discussed in the decisions of courts. Several of these decisions are cited in the brief of the libellee.

The decree is to be reversed; the case is to stand for further hearing in the Probate Court.

*Ordered accordingly.*