Hibbard, P. J.
This is a consolidated report of an action of tort brought by the plaintiff against the four defendants, the first two police officers in the City of "Worcester and the two latter police officers in the Town of Shrewsbury, the cause as set forth in the declaration being false arrest, imprisonment and detention.
Briefly stated, there was evidence for the plaintiff tending to show her to have been sixteen years of age and with the consent of her parents doing housework in Worcester. Leaving her employment because the work was too hard, she at first returned to her home and then with her parents ’ consent went to Worcester to seek employment. -She at first roomed at the Continental Hotel, largely a men’s hotel, and later went to the Warren Hotel, an admittedly respectable place. She obtained an opportunity to work as *478 cashier in a concession at an amusement park in the Town of Shrewsbury, the hours being from three to eleven P. M. In the meantime she continued to look for employment at housework. She had been at the concession for two days and when in the cashier’s box she was approached by the first two named defendants who asked her certain questions. They then told her to come with them and in answer to her question as to where they were going was told not to mind but to come along. In the meantime the last two named defendants were standing nearby and were in uniform. She went to the police station in Worcester with the Worcester officers and there was further questioned by a man in uniform and was later locked in a cell. Permission to telephone was refused and she was detained until eight o’clock next morning when her mother and father came for her. While locked up there was a drunken woman in the next cell and the curses and vile language of men could be heard in cells downstairs. None of the officers actually touched her. but one not identified used insulting language. She saw no probation officer and was never brought into court. While locked up> she was in the care of the police matron. A report of her arrest was published in a Worcester paper and as a result of her arrest and detention and the publicity she could not find employment in Worcester or its neighborhood and was obliged to go elsewhere.
There was evidence for the defendants tending to show that the first two named were looking for a runaway girl. When found she told them there was another such girl working in a concession. The four defendants with the first girl went to the concession which was located in Shrewsbury and there the girl pointed out the plaintiff. Thereupon the defendant McG-uinness in the presence of the defendant Stone questioned the plaintiff and asked her to come *479 to the police station in Worcester. She consented and was taken there by them in a police car. The other defendants followed in another car. At the police station the charge that she was a runaway was entered on the police blotter and she was detained as such. No charge however was made against her in nor was she brought into court.
The defendant McGuinness was permitted to testify that a captain of police in Worcester had telephoned to the plaintiff’s parents and was told by the mother to hold her. He admitted he neither informed nor instructed any person to inform the probation officer of the Worcester court as required by statute of the plaintiff’s arrest or detention. He had not known the plaintiff prior to seeing her at the concession. He took the girl to the detective bureau for questioning and later to the cell where she was placed in charge of the matron. He had the Shrewsbury officers with him because the concession was in that town. It further appeared that the plaintiff never objected even when told by the matron she was a runaway.
The testimony of the defendant Stone corroborated that of McGuinness. The other defendants were allowed to testify that while in uniform they were approached by the Worcester officers, were with them at the concession, followed them to Worcester and were present when the plaintiff was questioned at the police station. They did not at any time touch or speak to her.
There was evidence that the chief of police of Hardwick was called by the state police, acting upon the request of the police in Worcester, and went to the home of the plaintiff’s mother, told her the plaintiff was in trouble in Worcester and that the mother after vainly trying to communicate with her husband told him that she could not hire an automobile and that the plaintiff would have to stay all night unless her father came home in time to get her.
*480 At the close of the evidence the plaintiff seasonably filed certain requests for rulings and waived the second count in her declaration charging conspiracy. These requested rulings were as follows:
“1. The plaintiff having been discharged without arraignment or trial the burden of proof is on the defendant to justify the arrest.
2. 'Being a runaway is a criminal offence. General Laws, Chapter 272, Section 52.
3. The defendant’s arrest of the plaintiff was unlawful unless she was in a public way or other public place. General Laws, Chapter 272, Section 53.
4. The arrest of the plaintiff was not justified unless she was a runaway.
5. The arrest of the plaintiff was not justified unless she was a runaway or had committed some other offence set forth and described in General Laws, Chapter 272, Section 53, and was found in a public way or other public place.
6. It was the duty of the defendant to at once notify one of the parents of the plaintiff of her commitment to the police station in Worcester. General Laws, Chapter 110, Section 66.
7. It was the duty of the defendant to at once notify the probation officer of the Central District Court of Worcester of the plaintiff’s commitment to the police station in Worcester. General Lawls, Chapter 119, section 66.
8. The arrest of the plaintiff was unlawful.
9. The detention of the plaintiff in the police station in Worcester was unlawful.
10. In making an arrest it was not necessary that the defendant should touch the plaintiff. It is sufficient if the plaintiff was within the power of the defendant and submitted to the arrest.
11. The evidence justifies a finding that the defendant arrested the plaintiff.
12. The evidence justifies a finding that the defendant imprisoned the plaintiff.
13. A belief on the part of the defendant that the plaintiff was a runaway did not justify the arrest.
14. A reasonable belief on the part of the defend *481 ant that the plaintiff was a runaway did not justify the arrest.
15. If the arrest was illegal the detention at the police station was also illegal and a continuing tort for which the defendant is responsible. Wax vs. McGrath, 255 Mass. 340, 342; Jacques vs. Childs Dining Hall Co., 244 Mass. 438.
16. Ordinarily an officer cannot arrest for a misdemeanor not committed in his presence without a warrant. Robinson vs. VanAuken, 190 Mass. 161, 167.
17. The offense of being a runaway is a misdemeanor.
18. The defendant had no right to arrest a child under seventeen years of age upon belief that it had committed a misdemeanor.
19. The mental suffering of the plaintiff is a proper element to consider in estimating her damages. Andrew G. Stiles vs. Municipal Council of the City of Lowell, 233 Mass. 174, 183.
20. The indignity to which the plaintiff was subjected is a proper element to consider in estimating her damages.
21. The injury to the plaintiff’s reputation which was the natural and probable consequence of the plaintiff’s arrest and imprisonment is a proper element to consider in estimating her damages.
22. In estimating damages the Court should take into consideration the circumstances surrounding her arrest, the length of time of her imprisonment, the incidents of and during such arrest and imprisonment, the shame and disgrace attendant upon it, the mental suffering and distress she experienced, the injury to her reputation and the physical discomforts incident to her detention.
23. In assessing damages the Court should take into consideration the publicity attendant upon her arrest and imprisonment in so far as it increased the damages to which she was otherwise entitled.”
The Trial Court ignored these requests but filed a written decision of the tenor following:
“I find that the plaintiff was not arrested in the Town, of Shrewsbury but at the request of the defendant McGruinness she voluntarily went with the defend *482 ants to a Police Station in Worcester to see a Police Captain.
I find that after she had talked with the Captain she was taken by the defendant McGruinness, as a runaway child, and put in a cell in said station and there detained until morning when she was released without being brought before the court, or any complaint being made against her.
I therefore find that this detention was unlawful and without authority and was a false imprisonment of the plaintiff and I find for the plaintiff in damages of $25. and judgment is to enter accordingly against the defendant McGruinness.
I find for the other defendants and judgment is to enter for them. I find that none of these other defendants either ordered, or directed, that said detention take place or be made, or initiated the making and carrying out of the same, or used any excessive force therein. See General Laws, Ch. 263, §3.”
The plaintiff claimed a report and the case is before us by reason of the failure of the Trial Court to give the requested rulings.
The Trial Court found'that the plaintiff was not arrested in Shrewsbury. If the Court had instructed itself as to the essential elements involved in an arrest as requested, the finding could not and would not be disturbed. There is however nothing to show what elements the Court took into consideration in making this finding. It is of course now elementary that failure to pass upon the requested rulings is equivalent to a denial of them. Woodworth vs. Woodworth, 271 Mass. 398.
“The Trial Judge in a case like the present performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules and upon" proper requests therefor he must state the rules of law adopted by him for his guidance as trier of fact in order that the right of review thereof may be preserved.” Adamaitis vs. Metropolitan Life Insurance Co., 1936, A. S. 1601 at page 1604.
*483 The Trial Court in the case at bar found against the defendant McG-uinness and awarded damages in the sum of Twenty-five dollars. As to this award the finding would not be disturbed if the Court had given proper instructions to himself as to the elements to be considered. In the absence of such we cannot say there was not prejudicial error.
What we have heretofore said does not apply to the defendants Jacobson or Brearly. Even if the Court had given the requested rulings and taken the evidence in its aspects most-favorable to the plaintiff the finding for these defendants was right. However ill advised their conduct, it does not appear that they were active participants in any arrest, imprisonment or detention.
The requests numbered 1, 10, 19 and 23 clearly should have been given. They are correct statements of law. We do not find it necessary to pass upon any of the other requests.
The finding for the defendants Jacobson and Brearly is to stand. Prejudicial error is found in the cases of MeGfuinness and Stone and there must be a new trial as to these defendants.