ERNEST A. BECKMAN, JUNIOR, vs. MARY F. BECKMAN & another.

Hampden.    September 20, 1951. — January 8, 1952.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Personal Property*, Ownership.    *Parent and Child.*    *Words*, "Family purposes."

A stipulation by the parents of a minor child in divorce proceedings between them, that the mother was sole owner of a certain bank deposit, did not affect the rights of the child to a portion thereof, "of no great amount," which belonged to him.

The words "family purposes" are not words of art and may mean different things in different circumstances.

BILL IN EQUITY, filed in the Superior Court on October 21, 1949.

The suit was heard by *Donnelly*, J.

In this court the case was submitted on briefs.

*W. C. Giles, Jr.*, for the plaintiff.

*E. L. Fenton*, for the defendant Mary F. Beckman.

SPALDING, J.    This bill is brought by Ernest A. Beckman, Junior, a minor, to establish his right to the proceeds of a certain bank deposit.[1]    The defendant Mary F. Beckman, hereinafter called the defendant, is the plaintiff's mother.    The judge made voluntary findings of fact and ordered that the bill be dismissed.    From a decree entered accordingly, the plaintiff appealed.    The evidence is not reported.

The facts found by the judge are these.    In November, 1944, the defendant and her husband, Ernest A. Beckman, opened a savings account in the Springfield Institution for Savings for "Ernest A. Beckman, Jr. or Mary Beckman, subject to withdrawal in whole or in part by either or the

---

[1] The bill also sought to reach and apply the defendant's interest in certain real estate standing in the name of one Rosenbloom.

survivor." The purpose of the account was to provide the plaintiff, who was then aged thirteen, with a "fund for education or other purposes when . . . [he] became older." Thereafter all of the deposits were made by the defendant. These included sums set aside for the purpose from the family budget as well as sums ("of no great amount") received by the plaintiff as Christmas and birthday presents. Most of the money deposited represented contributions by the plaintiff's father and sums earned by the defendant. It "was not intended when the deposits were made that the plaintiff should have an absolute right to the moneys deposited." The intent was that his parents were to "have control over the account with the right to use the sums deposited if the family circumstances became such that the money was needed for family purposes."

In 1948 the plaintiff's parents were divorced. Prior thereto his mother withdrew the proceeds of the account and deposited them in an account standing in her own name in a bank in Connecticut. At the time of the divorce proceedings the parents entered into a stipulation in which it was agreed that the defendant was the sole owner of the account. The judge concluded that the legal and equitable title to the proceeds of the account was in the defendant.

The plaintiff argues that the ultimate finding of the judge is inconsistent with some of his subsidiary findings. If this contention is correct the ultimate finding cannot stand. And this is so whether the findings of the judge be treated as the equivalent of a report of material facts under the statute or as something less. *Colby* v. *Callahan,* 311 Mass. 727, 729. *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 562. We are of opinion that there is merit in the plaintiff's contention. The findings reveal that some of the sums deposited in the account (the Christmas and birthday gifts) belonged to the plaintiff, at least beneficially. But the ultimate finding is to the effect that the ownership of the entire account is now in the defendant. The stipulation entered into by the parents in connection with their divorce case might be sufficient to determine their rights to the account inter se

but it could not affect the rights of the plaintiff. The fact that the plaintiff's gifts that went into the account were "of no great amount" does not justify the ultimate finding. These sums, large or small, belonged to the plaintiff and his parents could not by stipulation terminate his rights in them.

In another respect there is an apparent inconsistency between the subsidiary and ultimate findings. As indicated above, the judge found that the deposit was for the purpose of providing the plaintiff with a fund "for education and other purposes" subject to the qualification that his parents were to have control over it with the right to use it "if the family circumstances became such that the money was needed for family purposes." We recognize that the words "family purposes" are not words of art with a fixed meaning and may mean different things in different circumstances. But at first blush there would appear to be an inconsistency between a use for such purposes and the judge's ultimate conclusion. It is not clear to us that the parents by disposing of the account in accordance with the stipulation were carrying out the purposes for which it was established. Perhaps there is no inconsistency in these findings, but as they appear to us on this record they are not easy to reconcile. Inasmuch as the decree must be reversed for the reasons earlier discussed, we are of opinion that on a rehearing of the case more specific findings ought to be made on this point.

It follows that the entry must be

*Decree reversed.*[1]

---

[1] As to the effect of such an entry see *Woodworth* v. *Woodworth*, 273 Mass. 402, 406–407.